412      APPELLATE COURTS OF ILLINOIS.

State Bk. of E. Moline v. Moline Pressed Steel Co., 208 Ill. App. 412.

## State Bank of East Moline, Appellee, v. Moline Pressed Steel Company, Appellant.

### Gen. No. 6,453.    (Not to be reported in full.)

Appeal from the Circuit Court of Rock Island county; the Hon. WILLIAM T. CHURCH, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed August 7, 1917.

### Statement of the Case.

Judgment by confession entered in favor of the State Bank of East Moline, plaintiff, against Moline Pressed Steel Company, defendant, for $5,353.33, including $300 attorney's fees. From an order overruling defendant's motion, on special appearance, to quash an execution issued on the judgment for want of jurisdiction over the person of the defendant to enter judgment, defendant appeals.

J. T. & S. R. KENWORTHY, for appellant.

H. A. WELD, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1.  CORPORATIONS, § 371*—*when court has prima facie jurisdiction to enter judgment by confession against corporation.* Where a note and warrant of attorney for confession of judgment thereon are signed by the corporation payee by its president, the court has prima facie jurisdiction of the defendant corporation to enter judgment on such note and warrant, notwithstanding it is not shown that the note and warrant are executed by the president or that he has authority to execute same.

2.  JUDGMENT, § 88*—*when defendant to judgment by confession cannot complain that allowance of attorney's fees is excessive.*

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Where a defendant to a judgment by confession on warrant of an attorney entered special appearance for the purpose only of moving to quash an execution issued on the judgment on the ground of no jurisdiction of the court of the person of the defendant, *held* that he could not complain for the first time on appeal that the allowance in the judgment of attorney's fees was excessive, or that the *cognovit* was broader than the warrant in certain respects.

## George W. Reddig et al., trading as Reddig Company, Defendants in Error, v. John Looney, Plaintiff in Error.

## Gen. No. 6,410.

1. Pleading, § 161*—*limitation of defense to matter set out in amended affidavit of merits under former statute.* Under section 36 of the Practice Act prior to July 1, 1907, if an original affidavit of merits was adjudged insufficient and defendant asked leave to file an amended affidavit, the court had a right to require him to state therein the facts showing a meritorious defense, and when he filed such affidavit his defense was limited to what he set out therein.

2. Pleading, § 161*—*what is rule under present statute as to giving evidence of matter of defense where affidavit of merits filed.* Section 55 of the present Practice Act (J. & A. ¶ 8592), considered in connection with the corresponding section 36 of the prior Practice Act, and decisions construing same, requires that when the nature of the defense was required to be stated in an affidavit of merits all the defense the party has should be so stated, and he will not be permitted to give in evidence any matter of defense not so stated in the affidavit.

3. Pleading, § 150*—*what is meaning of words "specify the nature of the defense" in statute relating to affidavit of merits.* The words "specify the nature of the defense" used in section 55 of the Practice Act (J. & A. ¶ 8592) mean that the affidavit of merits must set out the facts which constitute the defense, so that the plaintiff may have reasonable notice what the defense is.

4. Pleading, § 148*—*limitation of recovery to what is stated in affidavit of claim as connected with declaration.* Plaintiff can prove

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.*